UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF DALLAS
DALLAS, TX

| | | |
|---|---|---|
| **ZILLUR RAHMAN**<br><br>*Plaintiff,*<br><br>*v.*<br><br>**CIRLE K STORES, INC.,**<br><br>*Defendants* | &<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>&<br>& | Civil Action No.<br><br>_____ |

**PLAINTIFF'S ORIGINAL**
**COMPLAINT AND JURY DEMAND**

The Plaintiff, Zillur Rahman, ["Zillur" or "Plaintiff"], complains of Circle K Stores, Inc. [hereinafter referred to as "Defendant"], as follows:

**PARTIES**

1. Plaintiff is a former Assistant Manager for Circle K Stores operated by the Defendant in the Dallas Fort Worth Metro Area, specifically in the city of Carrollton, TX. He is a citizen and a resident of the state of Texas, USA. He resides in the city of Flower Mound, Denton County, Texas, USA.

2. Defendants operate Convenience Stores under the name and title of Circle K Stores across United States of America including the state of Texas.

*Plaintiff Zillur Rahman's*
*Original Complaint*

1

3. Circle K Stores, Inc. dba Circle K Stores is an Arizona corporation, conducting business in Texas at various locations. Cause of action alleged in the instant Complaint occurred in whole or in part at the places of business owned and operated by Defendants in the city of Carrollton in Texas, USA.

4. Defendant Circle K Stores, Inc., may be served with process by serving its registered agent in Texas – Corporation Service Company, DBA CSC-Lawyers Inc., 211 E 7th Street, Suite 620, Austin TX 78701.

5. Defendant Circle K Corporation can be served at 1130 W Warner Road, Building B, Tempe AZ 85284 based on the Public Information Report they filed with & made publicly available by the office of the Secretary of State, TX, USA.

## VENUE AND JURISDICTION

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343(a)(4), and 28 U.S.C. §1337. This is a suit authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, *et seq*. as amended by the Civil Rights Act of 1991 [Title VII]. The Complaint seeks declaratory, equitable and monetary relief pursuant to 28 U.S.C. §§2201, 2202.

7. Venue is proper because Plaintiff has been subjected to unlawful employment practices committed at a Convenience Store owned and operated by Circle K Stores, Inc., in the State of Texas, Northern District, Dallas Division more specifically at the store located in the city of Carrollton TX.

8. This is also a suit authorized and instituted pursuant to 42 U.S.C. § 1981.

9. This is a proceeding for compensatory and punitive damages, injunctive and other

*Plaintiff Zillur Rahman's*
*Original Complaint*

2

legal and equitable relief available to secure the Plaintiff's rights under Title VII and 42 U.S.C. § 1981. It is brought to prevent Defendants from maintaining policies, practices, customs or usages of discriminating against Plaintiff in regard to terms, conditions, and privileges of employment in violation of Title VII and 42 U.S.C. § 1981.

## FACTUAL HISTORY AND TITLE VII CLAIMS

10. Plaintiff was employed by the Defendant (from July 2016 through April 2020) at a convenience store located in the city of Carrollton TX 75006. At all times relevant to this action, Plaintiff was employed as an Assistant Manager for Stores operating under the name and style of Circle K Stores operated by the Defendant. Actual statutory violations occurred at Defendant's above identified place of business where Plaintiff worked.

11. In the later part of 2019, a new manager name Rajesh Mehta took charge of this store. Plaintiff reported to him. Mehta would often discuss the religious differences in his and Plaintiff's home countries of India and Bangladesh. As a person who Plaintiff reported to during late 2019 until his involuntary separation from the company in April 2020, based on Mehta's constant conversation about religion and national origin, Plaintiff felt that Mehta had a dislike for Plaintiff because of his religion and national origin.

12. The store sells cigarettes and other tobacco products. As a routine matter, store inventory was periodically audited. It was normal practice that the manager and assistant manager would perform the audit as a team. Inventory audit of

cigarettes and other tobacco products was done in two parts on two separate days, as a matter of discretionary routine/protocol. Plaintiff's manager, Rajesh Mehta asked him to conduct the cigarette audit on Saturday 4/11/2020, and an audit of other tobacco inventory on Sunday 4/12/2020. Plaintiff completed cigarette audit on Saturday 4/11/2020 as instructed. However, on Sunday 4/12/2020 Plaintiff could not complete the audit for other tobacco products because the store was very busy.

13. The store also sells lottery tickets. Earlier, on Friday 4/10/2020 on or about 4 p.m. a customer came to the store to buy lottery tickets and won $100. Plaintiff opened the register to take out case to pay him the winning. Plaintiff paid the customer readily available $80 and was still drawing smaller bills from the register to pay the last $20 but by the time he was able to pull the cash from the register, the customer had already walked out of the store. About 30 minutes later a lady came to the store telling Plaintiff that he did not pay the guy (the lottery winner) the full amount. Plaintiff apologized to her and paid her right away, and explained to her that by the time he had pulled the cash, in smaller bills, from the register and had the money in his hand the person who won the lottery had walked out of the store. She mentioned that the winner did not speak English.

14. Monday, April 13, 2020 was Plaintiff's day off. His manager Mehta, called him over the phone on that day and asked him if he had finished the audit on Sunday April 12, 2020 as instructed. Plaintiff informed Mehta that due to a very busy Sunday, he planned to finish the audit on his next working day which would have been Tuesday, April 14, 2020. Mehta responded by saying something to the

_____
*Plaintiff Zillur Rahman's*
*Original Complaint*

4

effect that he will see what he could do about that. Plaintiff is unsure what was meant by that remark. On 4/14/2020 at 2 pm, Plaintiff went to work and tried to clock in but could not. He went to the office where he saw the Area Manager who inquired about Sunday's events (about the person who had won the lottery).

15. Plaintiff narrated to the area manager, events stated above. In response, the Area Manager summarily terminated Plaintiff's employment.

16. Plaintiff believes that this was a pre-textual termination. The real reason behind the termination was his Store Manager's unease with him based on his religion and national origin. This belief is based on the fact that Plaintiff was not given any warning, he wasn't written up or subjected to any disciplinary process. Instead, he was terminated hastily and without due process.

17. Plaintiff believes that he was subjected to disparate treatment and terminated without due procedure as retaliation for not completing the audit and due to his religion, national origin, and/or ethnicity in violation of the provisions of Title VII of the Civil Rights Act of 1963, as amended.

18. Plaintiff strongly believes reasons stated by the employer for his termination were pre-textual.

19. Plaintiff is a native of Bangladesh national, and a practicing Muslim. He is therefore a member of protected groups within the meaning of Title VII.

20. At all times material to this action, Circle K Stores, Inc., employed at least fifteen (15) employees and is an employer within the meaning of Title VII.

21. All conditions precedent to the filing of this suit have been met:

    A. On or about December 23, 2020 Plaintiff filed a charge of discrimination, Charge No. 450-2021-01545, with the Equal Employment Opportunity Commission in Dallas, TX alleging discrimination based on plaintiff's ethnicity/national origin &/or race in violation of the provisions of Title VII of the Civil Rights Act of 1963, as amended.

    B. On January 8, 2021 EEOC issued Notice of Right to Sue and sent it to Plaintiff's attorney via email. Instant complaint is being filed before the expiration of allowed 90 days' period from the date of receipt such notice.

22. Plaintiff alleges that Defendant Circle K Stores, Inc., through its agents, supervisors, and/or employees, engaged in a continuing course of discriminatory conduct in the terms, conditions, and privileges of employment because of his race/national origin [Bangladesh], religion [Muslim], and/or in violation of his due process rights in violation of Title VII:

23. Defendants engaged in the conduct described above with malice or reckless indifference to the Title VII employment rights of its employees including Plaintiff.

## 42 U.S.C. § 1981 CLAIM

24. Plaintiff incorporates herein all the allegations of discrimination and retaliation listed in this Complaint.

25. Plaintiff alleges that Circle K Stores, Inc. dba Circle K Stores discriminated against him in the making of a contract of employment, on the same terms it offered to non-Bangladeshi origin, non-Muslim employees and/or employees that

did not protest discrimination. Such refusal was undertaken for the purpose of interfering with and avoiding the rights of Plaintiff and the contractual obligations of Defendants in violation of 42 U.S.C. § 1981.

26. Defendant's actions against Plaintiff, including summary termination of Plaintiff's employment without any due process, were intentional acts of religious and/or national origin discrimination in violation of 42 U.S.C. § 1981.

27. Defendant's actions were undertaken for the specific purpose of interfering with and avoiding the contractual obligations of the Defendant employer and the contractual rights of Plaintiff, in violation of 42 U.S.C. § 1981.

## RELIEF REQUESTED

28. Plaintiff requests that this Court grant him the following relief:

   A. A declaratory judgment and against Defendants, declaring their past practices herein complained of to be unlawful under Title VII and 42 U.S.C. § 1981; as well as any relief he may be entitled to under the law.

   B. A permanent injunction, enjoining Defendants discriminatory actions against the Plaintiff on account of his national origin, religion, and/or his opposition to discriminatory employment practices, in violation of Title VII;

   C. Back pay, front pay, retroactive seniority, pension benefits, bonus payments, health benefits, and any other relief necessary to compensate Plaintiff for his damages pursuant to his Title VII and 42 U.S.C. § 1981 claims;

    D. Compensatory and punitive damages including damages for mental anguish, humiliation, loss of privacy, loss of reputation and emotional distress relating to Plaintiff's Title VII and 42 U.S.C. § 1981 claims to the maximum amount prescribed by law;

    E. Implementation of a clear and effective grievance procedure for employment discrimination complaints with an effective non-retaliation provision and advisement to all employees of Defendants of such grievance and non-retaliation provisions;

    F. Attorney fees from Defendants for the prosecution of his Title VII and 42 U.S.C. § 1981 claims;

    G. Costs for the prosecution of the Title VII and 42 U.S.C. §1981 claims, including the cost of expert witness fees, if any;

    H. Pre-judgment interest at the legally prescribed rate from the date of the violations until judgment as well as post-judgment interest as applicable;

29. Such other general relief to which Plaintiff is justly entitled.

## JURY DEMAND

30. Plaintiff demands a jury on all Title VII and 42 U.S.C. §1981 claims, specifically, the ultimate issues of fact as to the merits of the dispute, back pay, front pay, wages and or bonus illegally withheld, employee benefits, and compensatory and punitive damages, excepting the attorneys' fees issues.

**Dated**: January 26, 2021

Respectfully Submitted,

/s/Naim Haroon

**Naim Haroon, Esq.,**
**Attorney for the Plaintiff**
**CA Bar # 250818**
**Sakhia Law Group**
**101 E. Park Blvd # 600**
**Plano, TX 75074**
**Tel: 972 359 9274**
**nhs@sakhialawgroup.com**
