**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ZILLUR RAHMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO.: 3:21-CV-00167-B |
| | § | |
| CIRCLE K STORES INC. | § | |
| | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Circle K Stores Inc. ("Defendant" or "Circle K") files its Answer to Plaintiff's Original Complaint and Jury Demand ("Original Complaint") and respectfully states as follows:

### PARTIES

1. Defendant admits that Plaintiff is a former Assistant Manager for a Circle K store operated by Defendant in Carrollton, Texas. Defendant does not have sufficient information to admit or deny the remaining allegations in Paragraph 1.

2. Admitted.

3. Admitted.

4. Admitted.

5. Defendant denies that Circle K Corporation is a proper party and therefore denies the allegations in Paragraph 5.

### VENUE AND JURISDICTION

6. Defendant admits this Court has subject-matter jurisdiction over Plaintiff's federal-law claims pursuant to 28 U.S.C. § 1343(a)(4) and 28 U.S.C. § 1331. Defendant admits Plaintiff is

1

seeking relief for the claims referenced in Paragraph 6 and that this court has jurisdiction but denies any wrongdoing and denies that Plaintiff is entitled to relief for the same.

7.  Defendant admits that venue is proper in the Northern District of Texas for allegations that actions occurred in a convenience store owned and operated by Circle K in Carrollton, Texas. Defendant denies the remaining allegations in Paragraph 7.

8.  Defendant admits Plaintiff is seeking relief for the claims referenced in Paragraph 8 and that this court has jurisdiction but denies any wrongdoing and denies that Plaintiff is entitled to relief for the same.

9.  Defendant admits Plaintiff is seeking relief for the claims referenced in Paragraph 9 and that this court has jurisdiction but denies any wrongdoing and denies that Plaintiff is entitled to relief for the same.

## FACTUAL HISTORY AND TITLE VII CLAIMS

10. Defendant admits that Plaintiff was employed by Defendant from July 2016 through April 2020 at a convenience store located in Carrollton, Texas.  Defendant admits that Plaintiff was an Assistant Manager.  Defendant denies the remaining allegations in Paragraph 10.

11. Defendant admits that Plaintiff reported to a manager Rajesh Mehta at the time of his termination.  Defendant denies the remaining allegations in Paragraph 11.

12. Defendant admits that the store sells cigarettes and other tobacco products and that store inventory is periodically audited by the manager and store manager.  Defendant does not have sufficient information regarding the remaining allegations to admit or deny them.

13. Defendant admits that the store sells lottery tickets and that Plaintiff sold a winning lottery ticket to a customer on or about April 10, 2020.  Defendant admits that Plaintiff did not pay the

customer the full amount and a complaint was lodged against Plaintiff. Defendant denies the remaining allegations as presented by Plaintiff in Paragraph 13.

14. Defendant admits that Plaintiff's manager asked him why he did not complete the cigarette audit and Plaintiff admitted he did not complete the audit. Defendant denies the remaining allegations as presented by Plaintiff in Paragraph 14.

15. Defendant admits that Plaintiff's employment was terminated. Defendant denies the remaining allegations in Paragraph 15.

16. Denied.

17. Denied.

18. Denied.

19. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 19.

20. Admit.

21. Defendant does not have sufficient information to admit or deny the allegations in Paragraph 21.

22. Denied.

23. Denied.

## 42 U.S.C. § 1981 CLAIM

24. Defendant incorporates herein all of its responses to the allegations listed in Plaintiff's Complaint.

25. Denied.

26. Denied.

27. Denied.

## RELIEF REQUESTED

28. Defendant denies that Plaintiff is entitled to the relief requested by Plaintiff in Paragraph 28A-H.

29. Defendant denies that Plaintiff is entitled to any other general relief requested by Plaintiff in Paragraph 29.

## JURY DEMAND

30. Paragraph 30 is a jury demand and does not require a response. Defendant however denies that Plaintiff is entitled to any of the relief requested by Plaintiff in Paragraph 30.

### DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts the following defenses and affirmative defenses.

1. Any claims alleged in the Original Complaint that were not raised in a charge of discrimination filed with the Equal Employment Opportunity Commission within 300 days of the date of the alleged wrongful conduct, and any claims under the Texas Commission on Human Rights Act ("TCHRA") that were not raised in a charge of discrimination filed with the Texas Workforce Commission – Civil Rights Division (TWCCRD) within 180 days of the alleged wrongful conduct, are barred due to Plaintiff's failure to exhaust his administrative remedies and the applicable statute of limitations.

2. Any claims alleged in the Original Complaint that occurred outside the statute of limitations provided for in Title VII or 42 U.S.C. § 1981 are barred. Specifically, to the extent Plaintiff filed suit more than 60 days after receiving his Notice of Right to File Civil Action from the TWCCRD or more than 90 days after receiving his Dismissal and Notice of Rights from the EEOC, his claims are barred by limitations.

3. Plaintiff has failed to mitigate any damages he may have suffered by virtue of Defendant's actions, and the damages, if any, sustained by Plaintiff should be reduced by the value of the wages, benefits, and payments in lieu of wages which Plaintiff has received since the events of which Plaintiff complains.

4. All employment actions taken by Defendant with respect to Plaintiff were based on neutral, non-discriminatory, and/or non-retaliatory reasons, including the legitimate exercise of managerial discretion and legitimate business needs.

5. Plaintiff's claims for compensatory and punitive damages are subject to the limitations set by 42 U.S.C. §1981a(b)(3).

6. Defendant expressly denies that any of its employees, officers or agents acted in any manner that would constitute discrimination, retaliation or harassment; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant.

7. Defendant would have made the same decisions related to Plaintiff's employment regardless of whether he engaged in protected activity.

8. Defendant relies on the *Faragher-Ellerth* affirmative defense in that it maintained reasonable policies, procedures and practices to prevent, investigate, and remediate claims of discrimination and/or harassment. Plaintiff's claims further fail to the extent Defendant exercised reasonable care to prevent and promptly correct any discriminatory and/or harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

9. Plaintiff's pleading, to the extent it seeks exemplary or punitive damages, violates Defendant's right to procedural and substantive due process under the Texas Constitution and the United States Constitution, and therefore fails to state a claim upon which relief may be granted.

10. None of the alleged employment actions with respect to Plaintiff were done willfully, knowingly, intentionally, with malice, with specific intent to cause injury, or with reckless indifference to Plaintiff's rights.

11. Defendant cannot be vicariously liable for retaliatory or discriminatory employment decisions of managerial agents because those decisions, if any, were contrary to Defendant's good faith efforts to comply with applicable federal, state, and local laws and regulations prohibiting employment discrimination and retaliation. As a result, Plaintiff is not entitled to recover punitive or exemplary damages. *See Kolstad v. Amer. Dental Ass'n.*, 527 U.S. 526 (1999).

12. Defendant reserves the right to assert additional defenses and affirmative defenses that may be applicable during the course of this litigation.

WHEREFORE, PREMISES CONSIDERED, Defendant, Circle K Stores Inc. requests that Plaintiff takes nothing by this cause, that Plaintiff's Original Complaint be dismissed with prejudice, and that Defendant be awarded such other relief that the Court may deem as proper and just.

Respectfully submitted,

**CLARK HILL STRASBURGER**
2301 Broadway St.
San Antonio, TX 78215
(210) 250-6009
(210) 258-2728 (Facsimile)

By: *Adam D. Boland*_____
    **ADAM D. BOLAND**

6

        State Bar No. 24045520
aboland@clarkhill.com
**Attorney-In-Charge**
**MARK A. McNITZKY**
State Bar No. 24065730
mmcnitzky@clarkhill.com

Kimberly S. Moore
State Bar No. 00784629
ksmoore@clarkhill.com
Clark Hill Strasburger
2600 Dallas Parkway
Suite 600
Frisco, Texas 75034
(469) 287-3922
(469) 227-6563 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 9th day of March, 2021, a true and correct copy of the foregoing document was delivered via ECF Notification to:

Naim Haroon, Esq.
**Sakhia Law Group**
101 E. Park Blvd. #600
Plano, Texas 75074
nhs@sakhialawgroup.com

*ATTORNEY FOR PLAINTIFF*

        *Adam D. Boland*_____
        Adam D. Boland